# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 110-10502 |
| MONICA LYNN HARDISON, ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |
| ) | JUDGE GEORGE C. PAINE II |
| ) | |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon the debtor's objection to the claim of National Capital Management, LLC (hereinafter "National"). For the following reasons, which represent the Court's findings of fact and conclusions of law, pursuant to Fed. R. Civ. P. 52(a)(1) as incorporated by Fed. R. Bankr. P. 7052, the Court finds that the debtor's objection should be sustained.

### I. BACKGROUND

The debtor filed her voluntary petition under Chapter 13 on September 29, 2010. On October 13, 2010, Equable Ascent Financial, as successor-in-interest to GMAC (hereinafter "Equable"), sold or otherwise assigned all of its rights, title, and interest to National. Thereafter, on November 6, 2010, National filed its proof of claim in the amount of

$7965.24. The debtor objected to the proof of claim on December 1, 2010. A hearing was held on January 28, 2011, and the debtor was the only witness presented.

From the pleadings and the testimony, it appears that the debtor borrowed money from Equable on October 26, 2000, for the purchase of a vehicle. The debtor later determined that she could not afford to keep the vehicle and surrendered it voluntarily to Equable. There is a dispute as to when the vehicle was surrendered, however, National's records show that the vehicle was recovered on January 22, 2004. The Court finds that National's business records are the most reliable, particularly since the debtor testified that she could not be sure about the date.

The debtor testified that she received several telephone calls from Sentry Recovery & Collection regarding the balance owed on the surrendered vehicle. While the debtor tried to explain that she could not afford to make any payments, the debtor eventually agreed to pay a small amount in order to stop the calls to her mother and the calls at her place of employment. The debtor made three payments to stop what she termed harassment: $25 in September 2009, $75 in October 2009, and $75 in November 2009. The debtor did not make any further payments, and she stopped taking calls from Sentry Recovery & Collection.

## II. DISCUSSION

The debtor argues that National's claim is barred because the statute of limitations has run and the debt is no longer enforceable against the debtor. In response, National asserts that its claim is not time-barred because either the debtor revived her obligation to pay with the partial repayment in 2009 or she is estopped from raising the statute of limitations because of the partial repayment.

Pursuant to T.C.A. § 28-3-109(a)(3), the statute of limitations on a breach of contract is six years. The statute of limitations is an affirmative defense, and the debtor has the burden of establishing the elements. *Ingram v. Earthman,* 993 S.W.2d 611, 632-33 (Tenn. Ct. App. 1998) (citations omitted). In the present case, the debtor surrendered the vehicle on January 22, 2004, and pursuant to T.C.A. § 28-3-109(a)(3), National's predecessor had to file suit against the debtor for any deficiency claim within six years of that date, January 22, 2010. However, no further action was taken to collect this debt until National filed a proof of claim on November 6, 2010. Thus, the debtor has established a prima facie defense based on the running of the statute of limitations, and the burden shifted to National to establish an exception to the defense.

The Tennessee Court of Appeals explained the doctrines of estoppel and revival in *Ingram v. Earthman*:

> Estoppel and revival are complementary responses to a statute of limitations defense. A defendant will be estopped to assert a statute of limitations defense when it induces a plaintiff to refrain from filing suit during the applicable limitations period. Statements or conduct that support an estoppel claim include representations, made prior to the expiration of the limitations period, that the defendant either would not assert a statute of limitations defense or that the dispute would be amicably resolved without filing suit. Persons who successfully establish the estoppel exception to a statute of limitations defense must file suit within a reasonable time after becoming aware that the debtor will not pay the debt.
>
> Similarly, a defendant may revive a plaintiff's remedy that had been barred by the running of a statute of limitations either by expressly promising to pay the debt or by acknowledging the debt and expressing a willingness to pay it. The defendant must make the promise or give the acknowledgment directly to the plaintiff or someone standing in such a close relationship with the plaintiff that it is reasonable to infer that the defendant's statements will reach the plaintiff.

*Id.* at 633-34 (citations and footnotes omitted).

According to the Court's findings, the debtor made her partial repayments during the six-year period rather than after the statute of limitations had expired. Thus, the debtor could not have revived that which had yet to expire, and the relevant exception for consideration is estoppel.

Based on the proof, National has failed to establish the estoppel exception. As stated in *Ingram v. Earthman*, estoppel requires a showing that the debtor's statements or conduct represented that she would pay the entire debt without the filing of a lawsuit. The debtor's testimony indicated that she never made such a representation and that she only made the

payments to stop the harassing telephone calls. Only three very small payments were made by the debtor within a short three-month period ending in November 2009. The successful establishment of the estoppel exception requires that the creditor "file suit within a reasonable time after becoming aware that the debtor will not pay the debt." *Id.* at 633 (citations omitted). It is undisputed that the debtor made her last payment of $75 in November 2009. It is upon this action by the debtor that National asserts the estoppel exception, and yet, there is no explanation as to why nothing further was done to collect this debt until National filed its proof of claim on November 6, 2010. The Court finds that failing to take any further action during that one-year period is unreasonable, particularly after the vehicle was surrendered in 2004. When the debtor made no further payments after November 2009, National's predecessor had ample time to take legal action to enforce this debt. Thus, National's proof of claim is barred by the statute of limitations.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court finds that the debtor's objection to National's claim should be sustained.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.